**UNITED STATES, Appellee,**

v.

**Private (E–2) Paul LEE, SSN 563–51–0123, United States Army, Appellant.**

**SPCM 19689.**

U.S. Army Court of Military Review.

3 Aug. 1984.

Before MARDEN, RABY and COHEN, Appellate Military Judges.

OPINION OF THE COURT

MARDEN, Senior Judge:

Contrary to his pleas, appellant was found guilty by a special court-martial of violating a general regulation by importing

excessive quantities of personal goods in violation of paragraph 15d, United States Forces Korea (USFK) Regulation 27–5, dated 9 July 1982, and of possessing and distributing lysergic acid diethylamide (Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 934 (1982).

Appellant's contention on appeal is that he is not guilty of Charge I and its Specification, as a matter of law, since the regulation, by its own terms, does not apply to appellant.[1]

Paragraph 15d, USFK Regulation 27–5, provides:

> *Customs Control.* Personnel physically present in the ROK or personnel assigned or attached to units stationed in the ROK following their initial reporting for duty to that unit will not:
>
> . . . .
>
> d. Import quantities of household goods or personal effects in excess of reasonable family or personal needs or in excess of reasonable quantities for gifts as provided in USFK Reg 643–2.

At the time of the appellant's apprehension, he was going through customs at Kimpo Airport in Seoul, Korea, in conjunction with a permanent change of station to that country.

The Court of Military Appeals has, in general, applied to the construction of regulations the same rules applicable to the construction of statutes. *United States v. Baker*, 18 U.S.C.M.A. 504, 40 C.M.R. 216 (1969). The United States Supreme Court has found that regulatory language which is unambiguous must, in the absence of a clearly expressed legislative intent to the contrary, be regarded as conclusive. *United States v. Turkette*, 452 U.S. 576, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981). Other rules of statutory construction are normally employed only when the disputed language is not clear and unambiguous.

 In this case, we find the words in paragraph 15d, USFK Regulation 27–5, to be clear and unambiguous. The disjunctive

"or" clearly indicates that the regulation was intended to cover two classes of personnel who bring, by any means, an excessive quantity of goods or personal effects to Korea: 1) those physically present in Korea, and 2) those assigned or attached to units stationed in the Republic of Korea who are outside of that country after initially reporting for duty. It is undisputed that appellant falls into the first category and clear that the regulation applies to him under the facts of this case.

Accordingly, the findings of guilty and the sentence are affirmed.

Judge RABY concurs.

Judge COHEN absent.

---

1. Additionally, we note appellant's claim that he was prejudiced by trial counsel's inflammatory arguments on findings and sentence. We do not agree.